UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREATER NEW YORK INSURANCE
COMPANY,

                        Plaintiff,

v.

UNITED SPECIALTY INSURANCE
COMPANY,

                        Defendants.

Case No: 1:20-cv-01083 (MKV)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/2020

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff Greater New York Insurance Company commenced this action New York State Supreme Court, New York County seeking a declaratory judgment and reimbursement of fees for defense of a state court action. Defendant United Specialty Insurance Company then removed the action to federal court. Plaintiff now moves pursuant to 28 U.S.C. § 1447(c) to remand the case to state court, arguing that the action fails to meet the amount in controversy requirement of $75,000. The Court agrees. Plaintiff's motion to remand is GRANTED.

## BACKGROUND

       This is an action between two insurance companies over which is responsible for defending against a state court action. The underlying state action, *DiCioccio v. 240 West 75th Street Corp.*, No. 160365/2018 (the "*DiCioccio* Action"), was filed in November 2018 by Anthony and Sheila DiCioccio, residents of the Penthouse unit in the building at 240 West 75th Street in New York City. *See* Complaint, ECF 1, Ex. 2 ("Complaint"), at ¶ 5. In their suit, the DiCioccios claim that maintenance work on the roof of that building has led to significant water damage to their apartment and personal property. *Id.* The suit seeks damages against the building owner, 240 West 75th Street Corp. ("240 Corp."), for damage allegedly caused by work

being performed by A&J Contractors Co. Inc. ("A&J). Complaint ¶ 9. 240 Corp. had contracted with A&J to perform maintenance on the roof of the building. Complaint ¶ 25.

The Plaintiff in this case, Greater New York Insurance Company ("GNY") sold insurance to 240 Corp., while Defendant United Specialty Insurance Company ("USIC") insures A&J. Complaint ¶¶ 6-7; 25-30. The Plaintiff alleges that 240 Corp. is an "additional insured" under the insurance policy issued by USIC. Complaint ¶ 11. Defendant USIC, however, denied 240 Corp's claim for coverage as an additional insured and refused to provide a defense in the *DiCioccio* Action. Complaint ¶ 16. As a result, Plaintiff GNY filed this action to secure a declaration of rights and reimbursement for costs already incurred in connection with defending 240 Corp. to date. Complaint ¶ 24.

After Plaintiff GNY filed this action in New York State Supreme Court, Defendant USIC removed the case. *See* Notice of Removal, ECF #1. As the basis for removal, Defendant argues that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Notice of Removal recites that Plaintiff and Defendant are citizens of different states—New York and Ohio, respectively—and states, without support, that the amount in controversy here exceeds $75,000. *See* Notice of Removal ¶ 7-9. Plaintiff moved to remand the case to the state court.

## DISCUSSION

Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action filed in state court to the appropriate federal district court if the district court can exercise original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir. 1994). The removing party has the burden to show that the case is properly in federal court. *United Food Local 919 v. Centermark Props.*, 30 F.3d 298, 301 (2d Cir. 1994). If Defendant is unable to sustain that burden, the case must be remanded to the state court. *See*

28 U.S.C. § 1447(c). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quotation omitted).

Defendant submits that the Court has jurisdiction under 28 U.S.C. § 1332(a), *i.e.* diversity jurisdiction. In order to assert diversity jurisdiction over a case, 1) the parties must be entirely diverse (*i.e.* no plaintiff may have the same state citizenship as any defendant) and 2) the "amount in controversy" must exceed $75,000. 28 U.S.C. § 1332(a). Both parties have alleged that Plaintiff and Defendant here are citizens of different states. *See* Complaint ¶ 2-3; Notice of Removal ¶ 8-9. But, Plaintiff argues that Defendant cannot show that the amount in controversy exceeds $75,000. *See* Memorandum of Law in Support, ECF #14, at 2-4.

In an action seeking a declaratory judgment, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S 333, 347 (1977). "[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975). To determine an amount in controversy, the Court looks only to the Complaint and the Notice of Removal. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). A defendant's counterclaims are not considered when calculating an amount in controversy. *Kaplan v. Computer Sciences Corp.*, 148 F. Supp. 2d 318, 320-21 (S.D.N.Y. 2001); *accord Correspondent Servs. Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2d Cir. 2006) ("the amount in controversy is calculated from the plaintiff's standpoint").

Plaintiff claims here that the amount in controversy is less than $75,000, and also notes that, in any event, Defendant cannot demonstrate that the amount is greater.[1]  Plaintiff's complaint only seeks a declaration that Defendant must pay for the defense of 240 Corp. in the *DiCioccio* Action (and reimbursement of the fees expended to date doing so).  *See* Complaint ¶¶ 45, 53, 60.  Plaintiff does not seek, in this action, indemnification by Defendant for any eventual damages.  This is important.  While the fees for defense of the state court litigation are unknown, the Verified Bill of Particulars filed in the *DiCioccio* Action confirms that the damages in that case could amount to over $180,000.  *See* Declaration of Jennifer A. Ehman in Opposition, ECF #9, Ex. B.  Meanwhile, defense costs to date have been less than $15,000.  *See* Declaration of Tiffany Roman in Support, ECF #12-1, at ¶ 4.

However, the Court does not need even to consider the credibility of those figures, as Defendant has entirely failed meet its burden of showing an amount in controversy above $75,000.  Defendant cites only to its Answer, ECF #5, in which it seeks dismissal and a declaration that it owes no coverage obligation—defense or indemnity—to 240 Corp.  Even if such a pleading puts indemnity at issue, the Defendant's answer may not be considered for the purposed of an amount in controversy.  *See Kaplan*, 148 F. Supp. 2d at 320-21.  With respect to Plaintiff's action over defense obligations, Defendant merely claims that "it is very possible that [attorney's] fees [for defending the *DiCioccio* Action] will be in excess of $75,000" due to "the realities of litigation" and "the prevailing hourly rates for attorneys in the New York City area."  *See* Memorandum of Law in Opposition, ECF #10, at 7.  This mere "possibility" without any

---

[1] Indeed, Plaintiff has submitted an affidavit attached to its reply in further support of the motion, *see* ECF #12, attesting that defense costs at issue are less than $15,000 to date and should not exceed $75,000 in total.  The Court may consider this affidavit, along with the other extrinsic evidence filed by the parties in the context of a motion to remand.  *United Food Local 919*, 30 F.3d 298, 305 (2d Cir. 1994) (on a motion to remand, "federal courts may look outside those pleadings to other evidence in the record."); *Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19-cv-7294 (RA), 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (same).

additional facts or allegations supporting the speculation is not sufficient to satisfy the amount in controversy requirement and sustain removal.  *See DIRECTV Latin America, LLC v. RCTV Int'l Corp.*, No. 11-cv-05456 (PAC), 2012 WL 13064909, at *3 (S.D.N.Y. May 30, 2012).

Defendant's other argument fares no better.  Defendant asserts that the Court independently may assert jurisdiction over this dispute under the Declaratory Judgment Act, 28 U.S.C. § 2201.  *See* Memorandum of Law in Opposition at 8.  However, the Declaratory Judgment Act does not confer subject matter jurisdiction on the federal courts.  *Id.* § 2201(a) ("In a case of actual controversy *within its jurisdiction* . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . .").  "Rather, there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." *Correspondent Servs. Corp.*, 442 F.3d at 769.  Without diversity jurisdiction underlying the case, the Court cannot invoke the Declaratory Judgement Act for jurisdiction.

## CONCLUSION

For the reasons stated herein, Defendant has failed to carry its burden to show that this Court has subject matter jurisdiction over this action.  Plaintiff's motion to remand this action is GRANTED.  The Clerk of Court is directed to remand the case to New York Supreme Court, New York County.

DATED:  June 24, 2020  
         New York, New York

_____  
MARY KAY VYSKOCIL  
United States District Judge